## MARRONE *v.* NEW YORK JOCKEY CLUB.

*(Supreme Court, General Term, First Department.  April 17, 1891.)*

DISCOVERY—EVIDENCE FROM WHICH TO DRAW COMPLAINT.

> Plaintiff contracted with defendant to do certain excavating and blasting, according to a profile and survey in the defendant's possession, but the contract did not provide that plaintiff should do all the work shown in the survey.  *Held*, in an action by the plaintiff for the defendant's alleged breach of contract in stopping him from work before the completion thereof, that the plaintiff, not having contracted for the whole of the work, had no cause of action against defendant on account of the stoppage, and was not entitled to compel defendant to produce said profile and survey for his inspection, in order to frame his complaint.

Appeal from special term, New York county.

Action by Joseph Marrone against the New York Jockey Club, to recover damages for breach of a contract, entered into between the plaintiff and defendant, who, by mistake in the contract, was called the Westchester Jockey Club.  By the terms of the contract the plaintiff was to be paid $1.50 per cubic yard for excavations of rock, blasting, etc., required on the defendant's premises, to be made according to a profile and survey of the work.  The plaintiff entered upon the performance of the contract, and continued to work thereunder for some months, when he was told there was no more work to be done under the said contract, and was forbidden to do any more work upon the premises.  The defendant appeals from an order of the special term granting plaintiff's motion to compel the defendant to produce said profile and survey (admitted to be in its possession) for his inspection, in order to prepare his complaint.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*Alfred B. Cruikshank*, for appellant.  *John J. Joyce*, for respondent.

VAN BRUNT, P. J.  The difficulty with the plaintiff's application is that he does not show that he has a cause of action.  He not only does not show that he has a cause of action against the defendant, but he fails to set out a cause of action against anybody.  Not only was the contract in writing, under seal, but in the name of a party other than the defendant; and there is no agreement therein contained that the party contracting with the plaintiff shall allow the plaintiff to do all this work.  The plaintiff contracts to take out rock, etc., and the other party contracts to pay him a certain price for what he does take out, and nothing more.  It is conceded that the plaintiff has been paid for all work done, and this action is brought to recover damages for not being allowed to do more.  As there was no obligation to give the plaintiff more to do, its refusal could not give rise to an action for damages sustained by such refusal.  The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied.

DANIELS, J.   I concur, also, on the ground that the discovery does not appear to be necessary to enable the plaintiff to frame a complaint.   If the contract was in fact made by the plaintiff, and it has refused to permit its performance, the plaintiff has all the knowledge that can be required to allege his cause of action, as he may state the quantity of stone yet to be excavated large enough to fully meet his claim as it may appear on the trial.

LAWRENCE, J., concurs.